No. 59346.—A. M. Ross-Smith *v.* United States, protest 172633–K (New York).

WILSON, Judge: This protest is against the collector's assessment of duty on certain merchandise invoiced as "1440 tins each 144 gelatine containers of Pure Petroleum Distillates (lighter fuel)." It is conceded that the material in question is used as fluid for cigarette lighters and as a cleaning agent for removing spots from clothes. It is also conceded that said substance is a petroleum distillate (R. 3).

The duty assessed was at the rate of 25 per centum ad valorem under paragraph 23 of the Tariff Act of 1930. From the admissions of the parties, it is clear that, unless the containers of the petroleum distillate now before us are either capsules or ampoules, paragraph 23 has no application (R. 5).

Paragraph 23 provides as follows:

PAR. 23. Chemicals, drugs, medicinal and similar substances, whether dutiable or free, when imported in capsules, pills, tablets, lozenges, troches, ampoules, jubes, or similar forms, including powders put up in medicinal doses, shall be dutiable at not less than 25 per centum ad valorem.

Plaintiff claims the involved merchandise properly free of duty as a petroleum distillate under paragraph 1733 of the Tariff Act of 1930 and that paragraph 23 is not applicable in this case.

Paragraph 1733 provides as follows:

Oils, mineral: Petroleum, crude, fuel, or refined, and all distillates obtained from petroleum, including kerosene, benzine, naphtha, gasoline, paraffin, and paraffin oil, not specially provided for.

While admitting that the imported substance is a petroleum distillate, properly classifiable as free under paragraph 1733 of the Tariff Act of 1930 (R. 3), the defendant urges that the merchandise in question is dutiable as a chemical imported in a certain type of container, i. e., either a capsule or an ampoule (R. 5).

The situation in this case is such that, if the containers here involved are neither capsules nor ampoules *eo nomine* under paragraph 23, *supra*, it will be unnecessary to determine whether the petroleum distillate under consideration is a chemical. It is clear that the merchandise before us may be properly classifiable under paragraph 1733 and yet be dutiable under paragraph 23, if it be determined that the containers in question are either capsules or ampoules, provided the petroleum distillate in question is also a chemical. However, if it is concluded that the containers are neither capsules nor ampoules, then, paragraph 23 has no application, and the merchandise in question should be admitted free of duty under the provisions of paragraph 1733 of the tariff act.

An illustrative sample of the imported container, concededly representative in all material respects of the gelatin container under consideration, except that the container in evidence has hardened since importation, was received in evidence (plaintiff's illustrative exhibit 1) (R. 6). The object in evidence is an oblong, round gelatin container, approximately 2⅛ inches long by nine-sixteenths of an inch in diameter, containing a liquid concededly used, as stated, as a lighter fluid or for removing spots from clothing. The record discloses that, when the liquid is used, the tip of the container is perforated with a pin, the fluid is squeezed out, and the substance is thereupon used for one of the stated purposes. When empty, the container is discarded.

The sole witness in the case was Dr. Theodore Edlich, a practicing physician, who stated that, in the course of his practice, he had administered medicine to patients in both capsules and ampoules. As illustrative of what he considered to be a "capsule," there was received in evidence a large-size gelatin container (plaintiff's illustrative exhibit 2). The witness described it as "about the largest of the capsules that is made * * * that can be administered" (R. 8). This article is approximately 1 inch long and about one-fourth of an inch in diameter. The witness also produced in court a sample of what he considered to be an ampoule. This article was introduced in evidence as plaintiff's illustrative exhibit 3 (R. 13). Dr. Edlich stated that such containers vary in size, the largest being about 8 to 10 inches in length, and, unlike the imported article, are made of glass and must be hermetically sealed. He stated that a capsule "is a gelatine container of a specified size containing medication for human use" (R. 10).

Dr. Edlich testified that the container of the imported merchandise, of which plaintiff's illustrative exhibit 1 is representative, from a medical standpoint is not, because of its size and contents, either a capsule or an ampoule (R. 13).

As has been previously stated, if the substance under consideration is not contained in an ampoule or a capsule, the provisions of paragraph 23 of the Tariff Act of 1930, enumerating certain types of containers, have no application here.

The terms "ampoule" and "capsule" have well-established meanings both by definition and by use.

Funk & Wagnalls New Standard Dictionary of the English Language (1942 ed.) defines "ampoule" as follows:

A vial containing one dose of a hypodermic solution.

In Webster's New International Dictionary (2d ed. 1948), the following definition is given:

**ampoule** * * * A small bulbous glass vessel, hermetically sealed, for holding a solution for hypodermic injection, usually one dose. By extension, any similar vessel or vial.

Stedman's Medical Dictionary—sixteenth revised edition (1946)—contains this definition:

**ampoule** * * * Ampula (2).

Under "ampulla 2," it is stated that it is—

A minute sealed flask containing usually one dose of a solution for parenteral use; ampoule.

Since the container in question is not made of glass and is not the kind of container used to hold hermetically sealed solutions, and since the said container would not lend itself for use in holding solutions to be used parenterally, it is clearly not an ampoule.

While capsules are generally made of gelatin, yet the term "capsule" has an established meaning which excludes the type of container now before us.

Funk & Wagnalls New Standard Dictionary of the English Language (1942 ed.) defines the word "capsule" in the following language:

**capsule,** * * * **2.** A small gelatinous case for containing a dose of a nauseous drug.

Webster's New International Dictionary (2d ed. 1948) contains the following definition:

**capsule** * * * **8.** *Med.* A small cylindrical or spherical container of soluble or digestible material, usually gelatin, in which nauseous or acrid doses are enclosed to be swallowed.

Dorland's, The American Illustrated Medical Dictionary (21st ed. 1947), defines "capsule" as follows:

**capsule** * * * **2.** A soluble case for inclosing a dose of medicine.

There seems to be no justification for using the word "capsule" to classify the type of container holding the petroleum distillate now before us.

We hold that the container before us is neither an ampoule nor a capsule. It, therefore, becomes unnecessary to pass upon the question as to whether the petroleum distillate in the container is or is not a chemical. Under the record in this case, the involved merchandise is properly classifiable under paragraph 1733 of the Tariff Act of 1930 and the provisions of paragraph 23 of said act have no application.

On the basis of the record presented to us, we find that the merchandise in question is a petroleum distillate and that it is not contained in any of the containers referred to in paragraph 23 of the Tariff Act of 1930. We further hold that the merchandise in question is properly free of duty under the provisions of paragraph 1733 of the tariff act, which provides free admission for "Petroleum, crude, fuel, or refined, and all distillates obtained from petroleum, including kerosene, benzine, naphtha, gasoline, paraffin, and paraffin oil, not specially provided for."

The protest is sustained. Judgment will be entered accordingly.